IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**BAILEY CALE, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 7:22-cv-187

**FORCE PRESSURE CONTROL, LLC**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Bailey Cale ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint ("Complaint") against Defendant Force Pressure Control, LLC ("Defendant"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant does business in Odessa; therefore, venue is proper within the Midland-Odessa Division of this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Coryell County.

6. Defendant is a domestic, limited liability company.

7. Defendant's registered agent for service is Jacob Startz, at 11895 I-10, Marion, Texas 78124.

### IV. FACTUAL ALLEGATIONS

8. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

9. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

10. Defendant is an employer within the meaning of the FLSA and was, at all times relevant herein, Plaintiff's employer.

11. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

12. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

13. Specifically, Defendant employed Plaintiff from December of 2021 until July of 2022.

14. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid him an hourly rate.

15. Plaintiff was employed as a Senior Operator and was primarily responsible for rigging wells and flow back packages, trouble shooting well testing equipment, completing hourly reports, driving to and from job sites, gaging tanks and dumping sand.

16. Plaintiff was required to drive from his home in Waco to Defendant's job sites in places such as Artesia, New Mexico; Laredo, Texas; Karnes City, Texas; and Pecos, Texas.

17. Plaintiff was occasionally required to stop by Defendant's yard in Odessa to pick up the trailer (called the monorail) which contained all the equipment necessary to rig up at a job before driving to the job.

18. When Plaintiff drove the monorail to the job, he was paid for his drive time.

19. However, when Plaintiff did not drive the monorail to the job, he was not paid for his drive time.

20. Defendant also employed other hourly-paid employees who were required to drive to job sites ("Traveling Employees").

21. Defendant did not pay other Traveling Employees for their drive time unless they were pulling the monorail.

22. Other Traveling Employees were paid an hourly rate.

23. At all relevant times herein, Defendant directly hired Plaintiff and other Traveling Employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. 29 C.F.R. § 785.39 states, "Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days."

25. Plaintiff and other Traveling Employees regularly traveled to job sites and remained there overnight.

26. Plaintiff and other Traveling Employees traveled during normal business hours.

27. Plaintiff regularly worked hours over forty in a week.

28. Other Traveling Employees also regularly or occasionally worked over forty hours in a week.

29. Plaintiff and other Traveling Employees tracked their hours via Defendant's app.

30. Plaintiff and other Traveling Employees were not allowed to record their drive time as work time on the app.

31. Defendant regularly paid Plaintiff for fewer hours than he submitted.

32. Upon information and belief, Defendant also regularly or occasionally paid Traveling Employees for fewer hours than they submitted.

33. Defendant capped the hours of Plaintiff and other Traveling Employees at 14 hours per day, which was intended to include 12 hours of work and 2 hours for driving to and from the hotel and the job site.

34. When Plaintiff and other Traveling Employees worked more than 14 hours per day, they were not paid for the hours worked over 14 for that day.

35. Defendant regularly told Plaintiff and other Traveling Employees that they would be paid only for 14 hours per day even if they worked hours over 14 in a day.

36. Defendant purported to have a process in place to approve hours worked over 14 per day, but Plaintiff was not paid for any additional hours even when the hours were approved ahead of time.

37. Due to Defendant's practice of refusing to pay Plaintiff and other Traveling Employees for drive time and its practice of capping Plaintiff's and other Traveling Employees' hours, Plaintiff and other Traveling Employees worked hours which went uncompensated.

38. At all relevant times herein, Defendant has deprived Plaintiff and other Traveling Employees of overtime compensation for all of the hours worked over forty per week.

39. The net effect of Defendant's practices and policies regarding its time keeping practices, as described above, is that Defendant intentionally failed to pay Plaintiff and other Traveling Employees for all hours worked.

40. Defendant made no reasonable efforts to ascertain and comply with applicable law.

41. Defendant knew or should have known that Plaintiff and other Traveling Employees were working hours for which they were not compensated.

42. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

43.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Regular wages and overtime premiums for all hours worked over forty hours in any week;

B.    Liquidated damages; and

C.    Attorney's fees and costs.

44.    Plaintiff proposes the following collective under the FLSA:

**All hourly paid employees who traveled to a jobsite and remained at the jobsite for at least one night within the last three years.**

45.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

46.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

47.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.    They were paid hourly;

B.    They traveled to at least one job site and remained at the jobsite for at least one night;

    C.      They recorded their time in the same manner;

    D.      Their time was capped at 14 hours per day; and

    E.      They were not paid for drive time or for hours worked over 14 in a day.

48.     Plaintiff is unable to state the exact number of the collective but believes that it exceeds 30 persons.

49.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

50.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

51.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

52.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

55.     Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

56. Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of 40 hours per week as required by the FLSA.

57. Defendant knew or should have known that its actions violated the FLSA.

58. Defendant's conduct and practices, as described above, were willful.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's Original Complaint, plus periods of equitable tolling.

60. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay

1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

65. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

66. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

67. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

68. Defendant knew or should have known that its actions violated the FLSA.

69. Defendant's conduct and practices, as described above, were willful.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

71. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Bailey Cale respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, and its related regulations;

D. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BAILEY CALE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Lydia H. Hamlet*
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com